IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROBERT HORN,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:20-CV-01990-M** |
| | § | |
| | § | |
| **KROGER TEXAS, L.P.** | § | |
| *Defendant* | § | **JURY DEMAND** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, Robert Horn, (hereinafter referred to as "Plaintiff"), files this Plaintiff's First Amended Complaint against Kroger Texas, L.P. (hereinafter referred to as "Defendant"), and alleges follows:

1. This is an action for damages in excess of $75,000.00, exclusive of interest, costs, and attorney's fees.

2. Defendant Kroger Texas, L.P. (hereinafter referred to as "Kroger") is a foreign limited partnership which at all material times conducted business in the State of Texas and is subject to jurisdiction in Texas as it has committed a tort in Texas, hires personnel in Texas, and conducts business in Texas.

3. On or about February 22, 2020, Kroger was the owner and operated of the Kroger located at Medical District and Maple in Dallas, Texas.

4. On that date, Plaintiff was entering Kroger to do his shopping. As he approached the entrance to the store, two men emerged from the inside of the store. One of the men was a Kroger employee and the other was a patron that a Kroger employee had been following throughout the store attempting to "catch" the patron shop lifting. Video evidence clearly shows that a Kroger

employee followed this patron throughout the store watching the patron "shoplift." Despite seeing this patron put items into his pocket (and not a grocery cart of any type) or carry the items in his hand, Kroger continued to create the "sting" operation. The Kroger employee allowed the shop lifter to pocket the items and then follow this person while he passed all checkout counters, and then pass through the first section of automatic doors, and then restrained him right by the second set of automatic doors where Plaintiff was entering. The alleged shop lifter resisted the Kroger employee; however, the Kroger employee continued to hold and grab the alleged shop lifter. The alleged shop lifter tried to resist the restraint, and as he broke free from the restraint, Plaintiff was right in the pathway entering the Kroger store from the outside and was knocked over. Due to Mr. Horn being in the direct pathway of the struggle with the Kroger employee and the alleged shoplifter, he fell down to the ground and sustained injuries.

5. Defendant knew, or, in the exercise of reasonable care should have known that its conduct in restraining anyone in the entranceway and exit of the store could cause injury and damages to other patrons of Kroger.

6. Defendant knew, or, in the exercise of reasonable care should have known that by creating this unreasonably dangerous condition either through the acts of its employees, or in the negligent method of operation would cause injury to its patrons.

7. It was foreseeable that something like this could happen, as this is a dangerous area of town with high crime, as was the reason Kroger had set up this type of operation to "catch" shop-lifters.

8. Defendant owed a duty of care to Plaintiff to ensure that its premises are safe, and it failed to do so by (1) creating a dangerous condition that could result in patrons getting injured, (2) failing to properly train its employees to follow proper safety protocol and store

policy, and (2) clearly restraining a shop lifter in the entranceway and exit way of the store where patrons are entering and exiting.

9. Defendant further has a duty to operate its stores in a manner consistent with the general grocery industry. This includes, but is not limited to, training its employees on safety, security, shoplifting, and causing injuries to its customers. Due to Kroger's failure to train and follow safety protocol, its employee, by restraining another patron near the entrance of the store, caused Mr. Horn's injuries.

10. As a result of the negligence of Defendant, Plaintiff suffered permanent bodily injury, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, medical expenses, and treatment. As injuries are permanent, Plaintiff will continue to suffer losses in the future.

11. Defendants have been in the grocery industry for several decades and have actual subjective awareness of the risk involved in the above-described acts or omissions. Defendant's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others. Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant.

WHEREFORE, the Plaintiff Robert Horn, demands judgment for compensatory damages and exemplary damages against Kroger, and all other relief that Plaintiff is justly entitled.

Respectfully submitted,

**Wolf Law, PLLC**

By: /s/ Julie Wolf
**Julie Wolf**
Texas Bar No. 24051542
julie@wolflawpllc.com
12222 Merit Dr., Suite 1200
Dallas, Texas 75251
Tel. (972) 338-4477
Fax. (972) 338-5044
*Attorney for Plaintiff*