IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT HORN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-cv-01990-M |
| | § | |
| KROGER TEXAS, LP | § | |
|     Defendant | § | JURY DEMANDED |

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Kroger Texas, L.P. ("Kroger" or "Defendant") files its Original Answer to Plaintiff's Amended Complaint (Doc. 11), and respectfully shows the Court as follows:

**ADMISSIONS AND DENIALS**

1.    Defendant admits that Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs, and attorney's fee.

2.    Defendant denies that "it has committed a tort in Texas" with regard to this matter. Defendant admits the remaining allegations in ¶ 2 of Plaintiff's First Amended Complaint.

3.    Defendant admits the allegations in ¶ 3 of Plaintiff's First Amended Complaint.

4.    Defendant admits that on February 22, 2020, Plaintiff was knocked to the ground by a shoplifter and admits that there is video of that shoplifter in the store, as well as video of him running into Plaintiff as he left the store. Defendant denies the remaining allegations in ¶ 4 of Plaintiff's First Amended Complaint.

5.    Defendant denies that its employee "restrained" the shoplifter, as well as the remaining allegations in ¶ 5 of Plaintiff's First Amended Complaint.

6.    Defendant denies that that it created any "unreasonably dangerous condition," as well as the remaining allegations in ¶ 6 of Plaintiff's First Amended Complaint.

7. Defendant denies the allegations in ¶ 7 of Plaintiff's First Amended Complaint.

8. Defendant admits that as a premises owner, it owed Plaintiff certain duties that, regardless of Plaintiff's pleadings, are defined by the law. *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). To the extent that a response is required to the remaining allegations contained in ¶ 8 of Plaintiff's First Amended Complaint, Defendant denies those allegations.

9. Defendant admits that as a premises owner, it owed Plaintiff certain duties that, regardless of Plaintiff's pleadings, are defined by the law. *Austin v. Kroger Texas L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). To the extent that a response is required to the remaining allegations contained in ¶ 9 of Plaintiff's First Amended Complaint, Defendant denies those allegations.

10. Defendant denies that it was negligent. To the extent that any response is required, Defendant lacks sufficient information or knowledge to admit or deny the allegations concerning the extent of Plaintiff's injuries. To the extent any response is required to the remaining allegations contained in ¶ 10 of Plaintiff's First Amended Complaint, Defendant denies those allegations.

11. Defendant admits that it has been in the grocery industry for several decades but denies the remaining allegations contained in ¶ 11 of Plaintiff's First Amended Complaint.

To the extent that any response is required to the "Prayer" concluding Plaintiff's First Amended Complaint, Defendant admits that Plaintiff seeks compensatory and exemplary damages but denies that Plaintiff is entitled to recover such damages.

## DEFENSES

1. Pleading further, Defendant contends that Plaintiff's damages and injuries, if any, were caused by the acts of a third person not under the control of Defendant. Such acts or omissions of said third person was the sole and/or a producing and/or proximate cause of Plaintiff's damages or injuries, if any. Specifically, Douglas Story ("Story") caused Plaintiff's fall and his resulting damages or injuries, if any.

2. Further, Story's criminal acts constituted negligence *per se* on the occasion in question and was the sole proximate cause of Plaintiff's injuries and damages.

3. Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

4. Defendant states that, in the unlikely event of an adverse judgment in this matter, Defendant would respectfully pray for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

5. Defendant further respectfully requests that the factfinder allocate responsibility, if any, among all parties, including settling parties and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

6. To the extent Plaintiff is malingering and/or exaggerating the nature and severity of his injuries in order to continue treatment, Defendant contends said treatment is not medically necessary or reasonable.

7. Defendant contends that, pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, to the extent Plaintiff is seeking or hereafter seeks a recovery for lost earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of

this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

8. Defendant further asserts that any claims for medical or health care expenses are limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code § 41.0105.

9. Defendant further asserts the limitations on exemplary damages outlined in Tex. Civ. Prac. & Rem. Code Chapter 41.

## CONCLUSION

Defendant Kroger Texas, L.P. respectfully prays that Plaintiff take nothing by this cause of action, that it be permitted to recover the costs expended on its behalf, and for such other and further relief to which it may show itself justly entitled, in law or in equity.

Respectfully submitted,

*/s/ Jack Ormond*
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Jack Ormond**
Attorney-in-charge
State Bar No. 24037217
jormond@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

    I certify that this document was served on counsel of record in accordance with the Federal Rules of Civil Procedure on February 16, 2021, using the Court's ECF system.

                                  */s/ Jack Ormond*
                                  Jack Ormond